UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| LIBRADO ACEVES, | No. 2:08-cv-02044-MCE-KJM |
| Plaintiff, | |
| v. | MEMORANDUM AND ORDER |
| WAGNER SPRAY TECH CORPORATION, a corporation, et al., | |
| Defendants. | |

Presently before the Court is Plaintiff's Motion to Amend the Complaint and Motion to Remand. For the following reasons, Plaintiff's Motion is granted.[1]

**BACKGROUND**

Plaintiff alleges that on July 17, 2006, while working with a paint sprayer, he was injured by an electrical shock.

---

[1] Because oral argument will not be of material assistance, the Court ordered this matter submitted on the briefing. E.D. Cal. Local Rule 78-230(h).

1

1 | The sprayer was manufactured by Wagner Spray Tech Corporation
2 | ("Wagner") and its electrical cord was manufactured by Kord King
3 | Company ("Kord King").  ICI, now owned by Anzo Nobel, distributed
4 | the sprayer, and, approximately four months prior to the
5 | incident, the sprayer was repaired by LAD Enterprises, Inc.
6 | ("LAD"), at its Elk Grove facility.
7 |     As a result of the shock, Plaintiff allegedly suffered from
8 | brain, cardiac and neurological damage, psychological and
9 | psychiatric injury, ongoing anxiety and depression, and post
10 | traumatic stress disorder.
11 |    Because Plaintiff was injured during the course of his
12 | employment, he filed a workers' compensation claim.  The workers'
13 | compensation carrier subsequently filed a subrogation action
14 | ("Subrogation Action") in Yolo County.
15 |    Plaintiff initially sought the advice of counsel, Jeffrey
16 | Jacobs, in February of 2008.  Plaintiff subsequently filed the
17 | current Complaint in Yolo County Superior Court on July 17, 2008.
18 | Plaintiff alleged products liability and general negligence
19 | causes of action against Wagner; Spray Tech Systems, Inc. ("Spray
20 | Tech"); King Associates Ltd. ("King Assoc."); Kord King; ICI
21 | Group, Inc.; ICI; Anzo Nobel; LAD; and Does 1-100.
22 |    According to Mr. Jacobs, at the time he filed this action,
23 | he knew the identifies of some, but not all of the potentially
24 | responsible parties.  Accordingly, pursuant to California law, he
25 | named Does 1-100 as fictitious defendants.
26 | ///
27 | ///
28 | ///

1    At the time or removal of this action, Plaintiff had not yet
2 served any Defendants.  Nevertheless, Defendant Kord King had
3 actual notice of Plaintiff's suit and voluntarily answered the
4 Complaint on August 29, 2008.  That same day, Kord King removed
5 the action to this Court alleging diversity of citizenship under
6 28 U.S.C. § 1332.
7    On September 29, 2008, Plaintiff filed the current Motion to
8 Amend his Complaint, seeking to substitute the following parties
9 for Doe Defendants: Westech Services, Inc., a California
10 corporation ("Westech"); United Services Group, LLC, an LLC
11 organized under California law ("USC CA"); United Services Group,
12 LLC, an LLC organized under the laws of Washington ("USC WA");
13 and David Butler ("Butler"), a California citizen.  Because such
14 an amendment will destroy diversity, Plaintiff simultaneously
15 moved to remand to state court.
16    Mr. Jacobs alleges that, at the time he filed the Complaint,
17 he was unaware of the identity or potential liability of the
18 above Defendants he now seeks to substitute.  However, Kord King
19 argues that because Plaintiff was present at depositions
20 conducted in the Subrogation Action, Plaintiff had knowledge of
21 the identities of the prospective defendants and is thereby
22 precluded from making any substitutions.  Specifically, Kord King
23 claims that on March 27, 2008, three LAD documents were marked as
24 exhibits to the deposition of one Edward Armas.  Kord King claims
25 that those documents put Mr. Jacobs on notice of the absent
26 defendants' identities.
27 ///
28 ///

3

1  However, Mr. Jacobs contends that it was inspection of the
2 paint sprayer, subsequent to the filing of the Complaint, that
3 ultimately led him to believe either the Spraytech defendants or
4 the repair technician, David Butler, was responsible for
5 Plaintiff's injuries.
6  Moreover, Mr. Jacobs stated that he only recently discovered
7 that LAD was dissolved on or about June 1, 2007.  According to
8 Mr. Jacobs, LAD was acquired by Westech and both LAD and Westech
9 participated in some manner in the entity USG WA.  However, USG
10 WA was also dissolved on or about February 1, 2008, and on
11 approximately February 22, 2008, USG CA was formed.  Thus,
12 Plaintiff alleges that Westech, USG WA, and USG CA are each
13 ultimately responsible for the repairs conducted through the
14 former LAD.
15  For the following reasons, the Court will allow amendment
16 and remand to state court.
17
18 **ANALYSIS**
19 **I.   SUBSTITUTION OF DOE DEFENDANTS**
20
21  California Code of Civil Procedure § 474 states, "When the
22 plaintiff is ignorant of the name of a defendant, he must state
23 that fact in the complaint...and such defendant may be designated
24 in any pleading or proceeding by any name, and when his true name
25 is discovered, the pleading or proceeding must be amended
26 accordingly."
27 ///
28 ///

4

"Code of Civil Procedure section 474 is to be liberally construed. The relevant inquiry when the plaintiff seeks to substitute a real defendant for one sued fictitiously is <u>what facts the plaintiff actually knew</u> at the time the original complaint was filed.  It is when plaintiff is actually ignorant of a certain fact, not when plaintiff might by the use of reasonable diligence have discovered it.  Whether plaintiff's ignorance is from misfortune or negligence, plaintiff is alike ignorant, and this is all the statute requires." <u>Fuller v. Tucker</u>, 84 Cal. App. 4th 1163, 1170 (2d Dist. 2000) (internal citations and quotations omitted) (emphasis in original).

Moreover, "[i]f the identity of the Doe defendant is known but, at the time of the filing of the complaint the plaintiff did not know facts that would cause a reasonable person to believe that liability is probable, the requirements of section 474 are met.  Section 474 allows a plaintiff in good faith to delay suing particular persons as named defendants until he has knowledge of sufficient facts to cause a reasonable person to believe liability is probable.  The fact that the plaintiff had the means to obtain knowledge is irrelevant.  In short, section 474 does not impose upon the plaintiff a duty to go in search of facts [he] does not actually have at the time [he] files [his] original pleading." <u>McOwen v. Grossman</u>, 153 Cal. App. 4th 937, 943-944 (2d. Dist. 2007) (internal citations and quotations omitted).

Mr. Jacobs stated under penalty of perjury that at the time he filed the Complaint he lacked actual knowledge of the identity or potential liability of the absent defendants he now seeks to add.

5

Kord King claims that Mr. Jacobs had the requisite knowledge based on two invoices and a repair worksheet submitted as deposition exhibits in the Subrogation Action. The two invoices contain reference to United Services Group and the Repair Worksheet contains a signature alleged to be that of Mr. Butler. Nevertheless, under California law, even if those documents were sufficient to put Mr. Jacobs on notice of the identity of the absent defendants, which this Court doubts, because Plaintiff lacked actual knowledge, both individually or through his attorney, substitution pursuant to Section 474 is permissible.

**II.   JOINDER OF NON-DIVERSE DEFENDANTS**

Accordingly, the Court must next determine if, under federal law, joinder of non-diverse defendants is proper. "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). Thus, "[w]here a plaintiff seeks to join a nondiverse defendant after removal, 28 U.S.C. § 1447(e) gives the district court discretion to allow the joinder or to not allow the joinder." Popeskovich v. Cantex, Inc., 2005 WL 1837123 *1 (E.D. Cal. 2005). "Once joinder of a nondiverse defendant is permitted, remand is mandatory." Id.
///
///
///
///

6

Six factors are relevant to the determination of whether plaintiff should be allowed to amend under such circumstances: "(1) whether the party sought to be joined is needed for just adjudication and would be joined under Federal Rule of Civil Procedure 19(a); (2) whether the statute of limitations would preclude an original action against the new defendants in state court; (3) whether there has been unexplained delay in requesting joinder; (4) whether joinder is intended solely to defeat federal jurisdiction; (5) whether the claims against the new defendant appear valid; and (6) whether denial of joinder will prejudice the plaintiff." IBC Aviation Services, Inc. v. Compania Mexicana De Aviacion, S.A. de C.V., 125 F. Supp. 2d 1008, 1011 (N.D. Cal. 2000) (internal citations omitted).

"Federal Rule of Civil Procedure 19 requires joinder of persons whose absence would preclude the grant of complete relief, or whose absence would impede their ability to protect their interests or would subject any of the parties to the danger of inconsistent obligations. A necessary party is one 'having an interest in the controversy, and who ought to be made [a] part[y]...' This standard is met when failure to join will lead to separate and redundant actions." Id., quoting CP Nat'l. Corp. v. Bonneville Power Admin., 928 F.2d 905, 910, 912 (9th Cir. 1991).

"Although courts consider whether a party would meet FRCP 19's standard for a necessary party, amendment under § 1447(e) is a less restrictive standard than for joinder under FRCP 19.
///
///

Case 2:08-cv-02044-MCE-KJM   Document 25   Filed 01/09/09   Page 8 of 10

Courts disallow joinder of non-diverse defendants where those defendants are only tangentially related to the cause of action or would not prevent complete relief." Id. at 1011-1012 (internal citations omitted). "Courts that have approved discretionary joinder look at least for a high degree of involvement by the defendant in the occurrences that gave rise to the plaintiff's cause of action." Boon v. Allstate Ins. Co., 229 F. Supp. 2d 1016, 1022 (9th Cir. 2002).

According to Plaintiff, Mr. Butler personally handled the repairs which may have led to the malfunction of the sprayer. Moreover, the remaining entities are alleged either to own or to be successors in interest of an existing defendant. Therefore, these absent parties are more than tangentially related to the cause of action, and the first factor favors joinder.

Regarding the second factor, the parties agree that California's two-year statute of limitations governing personal injury claims is applicable here. See Cal. Code Civ. Pro. § 335.1  Plaintiff's injury allegedly occurred on July 17, 2006 and he filed the instant action on July 17, 2008. Thus, Plaintiff is time-barred from bringing a separate suit against the absent defendants in state court.

However, at least one court has noted that even if a state action against the defendant sought to be joined is not precluded by an applicable statute of limitations, requiring plaintiff to engage in dual litigation of the "same issues in two forums would be a waste of judicial resources and risks inconsistent results." IBC Aviation at 1012.

///

1    Accordingly, because Plaintiff's state law claims are now
2 time-barred, and because, even if they were not, Plaintiff would
3 be required to litigate entirely duplicative issues in two
4 forums, this factor weighs in favor of joinder.
5    Additionally, Plaintiff initially filed this suit less than
6 three months prior to filing his Motion to Amend.  Notably, as of
7 the date of removal of this action, Plaintiff had not yet served
8 any Defendants.  The case came before this Court only because,
9 due to that lack of service, Kord King was free to voluntarily
10 answer and unilaterally remove.  However, the fact that this case
11 was removed between Plaintiff's initial filing and his later
12 Motion to Amend does not render his Motion untimely.  Thus, the
13 Court finds no unexpected delay weighs against joinder.
14    Moreover, there is no evidence indicating that Plaintiff
15 seeks to join absent defendants solely to defeat diversity
16 jurisdiction.  Mr. Jacobs stated under penalty of perjury that he
17 was unaware of the identity of the potential defendants at the
18 time he filed the Complaint.  As stated above, Mr. Butler is
19 alleged to be the technician who actually performed the repairs
20 at issue in this case.  The absent entities are all alleged to
21 be, in some form, owners or successors in interest of various
22 existing Defendants.  Thus, this Court cannot say from the record
23 that Plaintiff's sole motive in seeking amendment is to destroy
24 diversity, nor can the Court say that Plaintiff has no potential
25 claims against the absent defendants.
26 ///
27 ///
28 ///

9

Finally, denial of joinder will potentially prejudice Plaintiff in that his action is time-barred in state court and, even if he were able to proceed in separate actions, he would be required to engage in entirely duplicative litigation in multiple forums. Moreover, at such an early stage in these proceedings, the Court does not find that Defendants will suffer any prejudice should joinder be allowed.

Based on its evaluation of the above factors, the Court finds joinder of the absent defendants is appropriate.

**CONCLUSION**

Accordingly, Plaintiff's Motion to Amend and Remand is GRANTED.[2] The Clerk of the Court is directed to close the file.

IT IS SO ORDERED.

Dated: January 9, 2009

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

---

[2] The Court is cognizant of Defendants' objections to Plaintiff's Supplement filed on December 18, 2008. The Court did not consider that Supplement in reaching its decision. Thus, Defendants' objection is moot.

10